**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEI LIN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 16-71541

Agency No. A089-871-491

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2020**

Before:     SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Lei Lin, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Lin does not challenge the agency's dispositive determination that he failed to corroborate his past persecution claim. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Substantial evidence supports the agency's determination that Lin did not establish a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"). Thus, Lin's asylum claim fails.

In this case, because Lin failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because Lin failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

In light of this disposition, we need not reach Lin's contentions regarding the IJ's adverse credibility findings. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th

2

Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We reject as unsupported by the record Lin's contention that the IJ prevented Lin from testifying on remand as to his fear of future persecution, or that the IJ failed to follow the BIA's remand order.

To the extent Lin contends the IJ erred by excluding testimony from a witness during the merits hearing on remand, the claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**